# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR RIVERA,<br><br>                                    Petitioner,<br><br>v.<br><br>SAN DIEGO SHERIFF DEPT.,<br><br>                                    Respondent. | Case No.:  17cv1849 JAH (MDD)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On September 5, 2017, Petitioner, a state prisoner proceeding pro se, paid the $5.00 filing fee and submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents.  Petitioner lists various problems he claims he is facing in prison. Specifically, Petitioner claims he was subjected to cruel and unusual punishment while in prison because he did not receive showers for an extended period of time.  (Pet., ECF No. 1 at 6-8.)  Petitioner's claims are not cognizable on habeas because it does/they do not challenge the constitutional validity or duration of confinement.  *See* 28 U.S.C. 2254(a);

*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994).

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488-500; *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) ("a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus"). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser*, 411 U.S. at 500; *Nettles*, 830 F.3d at 927. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Preiser*, 411 U.S. at 499; *Nettles*, 830 F.3d at 927. It appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

## IN CUSTODY REQUIREMENT

Further, it appears that Petitioner is not in the custody of the State of California, nor was he when he filed the Petition because it lists Petitioner's place of confinement as his address as "10730 Church St. Apt. #323, Rancho Cucamonga, CA 91730," and state he was released from custody on April 17, 2017. (Pet., ECF No. 1 at 1-2.) Furthermore, Petitioner does not allege he is on parole or otherwise in constructive custody.

"Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); see also 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); see *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this case without prejudice. Petitioner is advised that to the extent he seeks to challenge the conditions of his confinement, he must pursue those claims via a 42 U.S.C. § 1983 action.[1]

**IT IS SO ORDERED.**

DATED: September 25, 2017

John A. Houston
United States District Judge

---

[1] Petitioner has three closed civil rights cases in this Court: 16cv2979 LAB (JLB), 16cv3008 CAB (BLM) and 17cv1848 LAB (AGS).